Filed 1/4/22  P. v. Madrigal CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C091157 |
| v. | (Super. Ct. No. CR60805) |
| RODOLFO MARTINEZ MADRIGAL, JR., | |
| Defendant and Appellant. | |

Defendant Rodolfo Martinez Madrigal, Jr., pleaded guilty to assault with a deadly weapon other than a firearm (Pen. Code, § 245, subd. (a)(1))[1] and admitted, among other things, a prior prison term enhancement allegation.  He now contends the imposition of the one-year sentence enhancement for a prior prison term under former section 667.5, subdivision (b) is no longer valid in light of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136).  The Attorney General agrees.  However, the parties disagree as to the appellate remedy.

---

[1]  Undesignated statutory references are to the Penal Code.

1

After briefing was complete, the Legislature passed Senate Bill No. 438 (2021-2022 Reg. Sess.) (Senate Bill 483), which declares enhancements under former section 667.5, subdivision (b) legally invalid, requires resentencing, and prohibits the prosecutor and trial court from rescinding the plea agreement as a result of the legal invalidity of the former section 667.5, subdivision (b) enhancements. (§ 1171.1.) We therefore will strike the one-year prior prison term enhancement under former section 667.5, subdivision (b) and remand for resentencing consistent with section 1171.1. In all other respects, we will affirm the judgment.

## BACKGROUND

The facts of defendant's underlying crimes are not relevant to this appeal, and therefore we shall not discuss them. In July 2019, defendant pleaded guilty to assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1)) and admitted an enhancement allegation regarding use of a firearm in the commission of a felony (§ 12022.5, subd. (a).) Defendant also admitted a prior prison term enhancement allegation under former section 667.5, subdivision (b). As part of the plea bargain, the People dismissed charges against defendant for possession of a firearm by a felon (§ 29800, subd. (a)(1)), possession of ammunition (§ 30305, subd. (a)(1)) and possession of a short-barreled rifle or shotgun (§ 33215). The People and defendant also agreed that the sentence on the firearm enhancement would be for the midterm of four years.

The trial court sentenced defendant to the aggravated term of four years for assault with a deadly weapon, plus the midterm of four years for the use of a firearm, and an additional year for the prior prison term.

## DISCUSSION

Defendant contends, and the People agree, that recently enacted Senate Bill 136, which limits the prior offenses that qualify for a prior prison term enhancement under former section 667.5, subdivision (b), applies retroactively to his case. We agree with the parties. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342 [Sen. Bill 136 applies

retroactively to cases not yet final on appeal]; *People v. Jennings* (2019) 42 Cal.App.5th 664, 680-682 [same].)

"Senate Bill 136 amended . . . section 667.5, subdivision (b) such that a one-year enhancement for a prior prison term shall be imposed only if the prior term was for a sexually violent offense." (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.) Here, the one-year enhancement under former section 667.5, subdivision (b) is legally invalid. (§ 1171.1, subd. (a).)

After briefing in this case was complete, the Legislature passed and the Governor signed Senate Bill 483, adding section 1171.1 to the Penal Code. (Stats. 2021, ch. 728) The new statute declares that enhancements imposed before January 1, 2020 under former section 667.5, subdivision (b) are legally invalid (except under circumstances not applicable here). (§ 1171.1, subd. (a).) The legislation also declares that it applies retroactively "to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.) And it provides for resentencing of the defendant, with specific instructions relating to the resentencing, which we need not recount here. (§ 1171.1, subds. (c)-(e).) Importantly, the legislation expresses the Legislature's intent "that any changes to the sentence as a result of [Senate Bill 483] shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, § 1.)

Section 1171.1 assumes the defendant's conviction is final because it provides for recall of the sentence and resentencing. (§ 1171.1, subd. (c).) But we see no reasonable argument not to apply it also to defendants whose convictions are not yet final, which would require remand for resentencing rather than recall of a sentence. We therefore conclude section 1171.1 provides the appellate remedy when a defendant has been sentenced for an enhancement under section 667.5, subdivision (b).

Accordingly, we will strike the one-year prior prison term enhancement under former section 667.5, subdivision (b) and remand for resentencing consistent with

3

section 1171.1.  Upon remand, " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  However, the resentencing must be consistent with this opinion and the requirements and limitations contained in section 1171.1.

## DISPOSITION

The judgment is modified to strike the one-year prior prison term enhancement, the sentence is vacated, and the matter is remanded for resentencing consistent with this opinion.  In all other respects, the judgment is affirmed.


/S/
MAURO, J.

We concur:


/S/
ROBIE, Acting P. J.


/S/
DUARTE, J.